# SUPREME JUDICIAL COURT,

FOR THE

## WESTERN DISTRICT,

### 1853--4.

## COUNTY OF FRANKLIN.

### GROSS *versus* INHABITANTS OF JAY.

Chapter 32, § 48, provides, that towns shall be liable for any expense necessarily incurred for the relief of a pauper, by a person not [liable for his support, after notice and request made to the overseers and until provision shall be made by them.

When provision is made upon such notice and request, the liability of the town to pay any such reasonable expense ceases.

If the person, making the request, is employed by the overseers of the poor to keep the pauper for a limited time, and he *continues* to support the pauper *after* the time agreed upon has elapsed; the town will not be liable for such support *after* the termination of their contract, without a new notice and request, although the overseers knew the alleged pauper was unable to support himself.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT for the support of a pauper from May 1, 1852, to May 1, 1853.

The pauper was the son of plaintiff whose residence was in Jay. He was about 26 years of age, had been insane four or five years and had always been a member of plaintiff's family.

VOL. XXXVII.          2

It was admitted that the father had not sufficient property to be liable for the pauper's support.

On May 5, 1851, the plaintiff notified the defendants of the condition of his son, and requested them to furnish him with the necessary relief. The overseers contracted with the plaintiff to pay him $40, to take care of his son for the year succeeding that notice. The son remained in the family and was supported by plaintiff during the time sued for in his writ. And the overseers well knew of the pauper's inability to take care of himself since 1850.

On May 1, 1853, a new notice was given, and the overseers made a new contract with the plaintiff to support his son until otherwise agreed.

The defendants denied their liability, unless the plaintiff could show notice to the overseers, and a request for relief before the services sued for were rendered. But the presiding Judge instructed the jury; *that*, if the defendants knew that the alleged pauper remained in plaintiff's family, and also knew, that he had long been, and during the time covered by the suit continued to be, incapable of taking care of himself, and of providing for his own support, by reason of his permanent insanity and imbecility; and also knew that the plaintiff was not, during that time, of sufficient ability to provide for his (son's) support, the action might be maintained without any new notice or request.

The jury returned a verdict for plaintiff, and defendants excepted.

*Linscott*, for defendants.

*May* and *Knapp*, for plaintiff.

SHEPLEY, C. J. — Towns are by statute c. 32, § 48, made liable to pay any expense necessarily incurred for the relief of a pauper by a person not liable for his support, "after notice and request made to the overseers of the said town and until provision shall be made by them." When provision has been made by the overseers upon such notice and request, the liability of the town to pay any such reasonable

expense ceases, according to the express provisions of the statute. If it did not, the town could not be relieved from its liability to pay that particular person, whatever sum a jury might find to be reasonable. If provision were made with another person, no one could doubt, that the liability arising out of the notice and request would no longer exist. Where provision is made by agreement with the person making the request, the result cannot be different. The liability by contract supersedes that created by the statute. At the termination of the express contract the parties are left as they were at its commencement; the former liability of the town, arising out of the notice and request, having been terminated by the provision made; and the liability by the express contract ceasing by lapse of time. There must be a new notice and request before any new liability is incurred.

Upon the testimony presented in the bill of exceptions the action cannot be maintained.

*Exceptions sustained, verdict set aside,*
*and new trial granted.*

HOWARD, HATHAWAY and CUTTING, J. J., concurred.